IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| RITA SANDERS LUSE, | ) | |
| | ) | CIVIL ACTION NO. |
| MARIANNE LIGOCKI, | ) | 2:16-CV-00030-WCO |
| | ) | |
| Plaintiffs, | ) | JURY TRIAL DEMANDED |
| | ) | |
| v. | ) | |
| | ) | |
| SENTINEL OFFENDER | ) | |
| SERVICES, LLC, | ) | |
| | ) | |
| STACY MCDOWELL-BLACK, | ) | |
| Probation Officer, Sentinel Offender | ) | |
| Services, LLC, Cleveland, Georgia, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER AND DEFENSES OF DEFENDANT SENTINEL OFFENDER SERVICES, LLC TO PLAINTIFFS' AMENDED COMPLAINT

Comes now Sentinel Offender Services, LLC (hereinafter "this defendant"), named as a defendant in the above-captioned matter, and responds to plaintiffs' amended complaint as follows:

## FIRST DEFENSE

For first defense, this defendant shows that the amended complaint fails to state a claim against it upon which relief can be granted.

## **SECOND DEFENSE**

For a second defense, this defendant responds to the numbered paragraphs of the amended complaint as follows:

## **INTRODUCTION**

### 1.

The allegations contained in this paragraph are denied.

### 2.

In response to the allegations of this paragraph, this defendant admits only that it contracted with the White County Probate Court to provide certain probation and other services, as set forth in said contract.  This defendant is without knowledge or information sufficient to either admit or deny the remaining allegations in this paragraph.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

### 3.

This defendant is without knowledge or information sufficient to either admit or deny the allegations set forth in this paragraph.

### 4.

The allegations contained in this paragraph are denied as stated.

5.

The allegations contained in this paragraph are denied.

6.

The allegations contained in this paragraph are denied.

7.

The allegations contained in this paragraph are denied.

8.

The allegations contained in this paragraph are denied as stated.

9.

This defendant is without knowledge or information sufficient to either admit or deny the allegations set forth in this paragraph.

10.

The allegations contained in this paragraph are denied.

11.

The allegations contained in this paragraph are denied.

12.

The allegations contained in this paragraph are denied.

13.

The allegations contained in this paragraph are denied.

14.

The allegations contained in this paragraph are denied.

15.

The allegations contained in this paragraph are denied.

16.

The allegations contained in this paragraph are denied.

17.

In response to the allegations of paragraph 17, this defendant shows that it is not required to respond to allegations which merely identify the relief being sought by plaintiffs herein.   In further response, this defendant denies that it breached any legal duty owed to plaintiffs or any members of the purported class it seeks to represent and denies that plaintiffs are entitled to any of the relief prayed for in this paragraph or elsewhere in the amended complaint.  To the extent a further response is required, the allegations of this paragraph are denied.

18.

The allegations contained in this paragraph are denied.

19.

The allegations contained in this paragraph are admitted.

20.

This defendant is without knowledge or information sufficient to either admit or deny the allegations set forth in this paragraph.

21.

This defendant is without knowledge or information sufficient to either admit or deny the allegations set forth in this paragraph.

22.

In response to the allegations contained in this paragraph, this defendant admits only that it is a Delaware Limited Liability Corporations which conducts business in the State of Georgia, in this District, and in this Division; that it is headquartered in the State of California; that it contracts with various entities to perform services, including the supervision of persons who are on probation; and that O.C.G.A. § 42-8-101(a)(1) is one current statute which relates to its business in Georgia.  Except as expressly admitted herein, the allegations contained in this paragraph are denied.

23.

In response to the allegations contained in this paragraph, this defendant admits only that Defendant Stacy McDowell-Black is a private probation officer; that she is employed by this defendant at its office located in Cleveland, Georgia; that she resides in this District and this Division; and that she is a "private probation officer" as

currently defined by O.C.G.A. § 42-8-100.  Except as expressly admitted, the allegations of this paragraph are denied.

24.

In response to the allegations of paragraph 24, this defendant shows that it is not required to respond to allegations which merely identify plaintiffs' intentions in bringing the present action.  In further response, this defendant denies that it breached any legal duty owed to plaintiffs or any members of the purported class it seeks to represent; denies that class action certification is warranted; and denies that plaintiffs are entitled to any of the relief prayed for in this paragraph or elsewhere in the amended complaint.  To the extent that any further response is required, the allegations of this paragraph are denied.

25.

The allegations contained in this paragraph are denied.

26.

The allegations contained in this paragraph are denied.

27.

The allegations contained in this paragraph are denied.

28.

In response to the allegations in this paragraph, this defendant admits that said

paragraph accurately recites a portion of the current version of O.C.G.A. § 42-8-101(a)(1), that this defendant provides certain services to White County Probate Court through a contract entered into with White County Probate Court and shows that it is without knowledge or information sufficient to either admit or deny the remaining allegations set forth in this paragraph.

29.

This defendant is without knowledge or information sufficient to either admit or deny the allegations set forth in this paragraph.

30.

In response to the allegations contained in this paragraph, this defendant, on information and belief, admits only that said paragraph appears to accurately recite a portion of the current Rules and Regulations of the State of Georgia. Except as expressly admitted herein, the allegations of this paragraph are denied.

31.

In response to the allegations contained in this paragraph, this defendant, on information and belief, admits only that said paragraph appears to accurately recite a portion of the current Rules and Regulations of the State of Georgia.  Except as expressly admitted herein, the allegations of this paragraph are denied.

32.

The allegations contained in this paragraph are denied.

33.

This defendant is without knowledge or information sufficient to either admit or deny the allegations set forth in this paragraph.

34.

This defendant is without knowledge or information sufficient to either admit or deny the allegations set forth in this paragraph.

35.

This defendant is without knowledge or information sufficient to either admit or deny the allegations set forth in this paragraph.

36.

The allegations contained in this paragraph are denied as stated.

37.

The allegations contained in this paragraph are denied.

38.

The allegations contained in this paragraph are denied.

39.

The allegations contained in this paragraph are denied as stated.

40.

The allegations contained in this paragraph are admitted.

41.

The allegations contained in this paragraph are denied as stated.

42.

This defendant is without knowledge or information sufficient to either admit or deny the allegations set forth in this paragraph.

43.

This defendant is without knowledge or information sufficient to either admit or deny the allegations set forth in this paragraph.

44.

The allegations contained in this paragraph are denied.

45.

The allegations contained in this paragraph are denied.

46.

The allegations contained in this paragraph are denied.

47.

The allegations contained in this paragraph are denied.

48.

This defendant is without knowledge or information sufficient to either admit or deny the allegations set forth in this paragraph.

49.

This defendant is without knowledge or information sufficient to either admit or deny the allegations set forth in this paragraph.

50.

This defendant is without knowledge or information sufficient to either admit or deny the allegations set forth in this paragraph.

51.

This defendant is without knowledge or information sufficient to either admit or deny the allegations set forth in this paragraph.

52.

The allegations contained in this paragraph are denied as stated.

53.

The allegations contained in this paragraph are denied.

54.

The allegations contained in this paragraph are denied.

55.

The allegations contained in this paragraph are denied.

56.

The allegations contained in this paragraph are denied.

57.

The allegations contained in this paragraph are denied as stated.

58.

The allegations contained in this paragraph are denied as stated.

59.

The allegations contained in this paragraph are denied.

60.

The allegations contained in this paragraph are denied.

61.

The allegations contained in this paragraph are denied.

62.

The allegations contained in this paragraph are denied.

63.

In response to the allegations of this paragraph, this defendant re-alleges and

incorporates by reference, as if fully set forth herein, its responses to paragraphs 1

through 62 of the amended complaint, inclusive.

64.

The allegations contained in this paragraph are denied.

65.

The allegations contained in this paragraph are denied.

66.

The allegations contained in this paragraph are denied.

67.

The allegations contained in this paragraph are denied.

68.

The allegations contained in this paragraph are denied.

69.

The allegations contained in this paragraph are denied.

70.

The allegations contained in this paragraph are denied.

71.

The allegations contained in this paragraph are denied.

72.

The allegations contained in this paragraph are denied.

73.

In response to the allegations of this paragraph, this defendant re-alleges and incorporates by reference, as if fully set forth herein, its responses to paragraphs 1 through 72 of the amended complaint, inclusive.

74.

The allegations contained in this paragraph are denied.

75.

The allegations contained in this paragraph are denied.

76.

The allegations contained in this paragraph are denied.

77.

The allegations contained in this paragraph are denied.

78.

In response to the allegations of this paragraph, this defendant re-alleges and incorporates by reference, as if fully set forth herein, its responses to paragraphs 1 through 77 of the amended complaint, inclusive.

79.

In response to the allegations of this paragraph, this defendant shows that it is not required to respond to allegations which merely provide plaintiffs' interpretation of the laws of the State of Georgia.  In further response, this defendant denies that it breached any legal duty owed to plaintiffs or any members of the purported class it seeks to represent, whether asserted to arise under the Constitution and laws of the United States, Constitution and laws of the State of Georgia or otherwise and denies that plaintiffs are entitled to any of the relief prayed for in this paragraph or elsewhere in the amended complaint.  To the extent a further response is required, the allegations of this paragraph are denied as stated.

80.

In response to the allegations of this paragraph, this defendant shows that it is not required to respond to allegations which merely provide plaintiffs' interpretation of the laws of the State of Georgia.  In further response, this defendant denies that it breached any legal duty owed to plaintiffs or any members of the purported class it seeks to represent, whether asserted to arise under the Constitution and laws of the United States, Constitution and laws of the State of Georgia or otherwise and denies that plaintiffs are entitled to any of the relief prayed for in this paragraph or elsewhere in the amended complaint.  To the extent a further response is required, the allegations

of this paragraph are denied as stated.

81.

The allegations contained in this paragraph are denied.

82.

The allegations contained in this paragraph are denied.

83.

In response to the allegations of this paragraph, this defendant re-alleges and incorporates by reference, as if fully set forth herein, its responses to paragraphs 1 through 82 of the amended complaint, inclusive.

84.

The allegations contained in this paragraph are denied.

85.

The allegations contained in this paragraph are denied.

86.

The allegations contained in this paragraph are denied.

87.

In response to the allegations of this paragraph, this defendant re-alleges and incorporates by reference, as if fully set forth herein, its responses to paragraphs 1 through 86 of the amended complaint, inclusive.

88.

The allegations contained in this paragraph are denied.

89.

The allegations contained in this paragraph are denied.

90.

The allegations contained in this paragraph are denied.

91.

The allegations contained in this paragraph are denied.

92.

The allegations contained in this paragraph are denied.

93.

In response to the allegations of this paragraph, this defendant re-alleges and incorporates by reference, as if fully set forth herein, its responses to paragraphs 1 through 92 of the amended complaint, inclusive.

94.

In response to the allegations of this paragraph, this defendant shows that it is not required to respond to allegations which merely provide plaintiffs' interpretation of the laws of the State of Georgia.  In further response, this defendant denies that it breached any legal duty owed to plaintiffs or any members of the purported class it

seeks to represent, whether asserted to arise under the Constitution and laws of the

United States, Constitution and laws of the State of Georgia or otherwise and denies

that plaintiffs are entitled to any of the relief prayed for in this paragraph or elsewhere

in the amended complaint.  To the extent a further response is required, the allegations

of this paragraph are denied as stated.

## 95.

The allegations contained in this paragraph are denied.

## 96.

The allegations contained in this paragraph are denied.

## 97.

The allegations contained in this paragraph are denied.

## 98.

The allegations contained in this paragraph are denied.

## 99.

The allegations contained in this paragraph are denied.

## 100.

The allegations contained in this paragraph are denied.

101.

The allegations contained in this paragraph are denied.

102.

In response to the allegations of this paragraph, this defendant re-alleges and incorporates by reference, as if fully set forth herein, its responses to paragraphs 1 through 101 of the amended complaint, inclusive.

103.

The allegations contained in this paragraph are denied.

104.

The allegations contained in this paragraph are denied.

105.

The allegations contained in this paragraph are denied.

106.

In response to the allegations of this paragraph, this defendant re-alleges and incorporates by reference, as if fully set forth herein, its responses to paragraphs 1 through 105 of the amended complaint, inclusive.

107.

The allegations contained in this paragraph are admitted.

108.

In response to the allegations of paragraph 108, this defendant shows that it is not required to respond to allegations which merely identify plaintiffs' intentions in bringing the present action.  In further response, this defendant denies that it breached any legal duty owed to plaintiffs or any members of the purported class it seeks to represent; denies that injunctive relief is warranted or appropriate; and denies that plaintiffs are entitled to any of the relief prayed for in this paragraph or elsewhere in the amended complaint.  To the extent that any further response is required, the allegations of this paragraph are denied.

109.

The allegations contained in this paragraph are denied.

110.

The allegations contained in this paragraph are denied.

111.

The allegations contained in this paragraph are denied.

112.

In response to the allegations of this paragraph, this defendant re-alleges and incorporates by reference, as if fully set forth herein, its responses to paragraphs 1 through 111 of the amended complaint, inclusive.

113.

The allegations contained in this paragraph are admitted.

114.

The allegations contained in this paragraph are denied.

115.

In response to the allegations of paragraph 115, this defendant shows that it is not required to respond to allegations which merely identify plaintiffs' intentions in bringing the present action.  In further response, this defendant denies that it breached any legal duty owed to plaintiffs or any members of the purported class it seeks to represent; denies that declaratory relief is warranted or appropriate; and denies that plaintiffs are entitled to any of the relief prayed for in this paragraph or elsewhere in the amended complaint.  To the extent that any further response is required, the allegations of this paragraph are denied.

116.

The allegations of this paragraph are denied as stated.

117.

Any other allegations in the amended complaint which have not been expressly admitted or otherwise addressed are hereby denied.

## **THIRD DEFENSE**

For a third defense, this defendant shows that this Court lacks subject matter jurisdiction over one or more of plaintiffs' claims as the result of a mandatory, binding arbitration clause, as authorized by the Federal Arbitration Act (9 U.S.C. §§ 1 et. seq.), which is contained in Sentinel's Program Rules and Instructions agreement and this defendant further shows, that by filing an answer to plaintiffs' amended complaint, it in no manner waives its right to compel arbitration with regard to some or all of the matters alleged in said amended complaint.  Further, to the extent that either named plaintiff, or any putative class member, has agreed to arbitrate any or all of the purported claims asserted in the amended complaint herein, this defendant asserts that the filing of the present amended complaint violates such agreements and, accordingly, that the present amended complaint should either be dismissed or this case stayed pending arbitration.

## **FOURTH DEFENSE**

For a fourth defense, this defendant shows that none of the plaintiffs herein nor any putative class members are entitled to preliminary or permanent injunctive relief because they cannot establish a substantial likelihood of success on the merits, cannot establish that irreparable harm will ensue if an injunction is not issued and because they have an adequate remedy at law.

## FIFTH DEFENSE

For a fifth defense, this defendant shows that class certification herein is neither appropriate nor warranted under the circumstances presented in this action because plaintiffs' cannot establish the elements necessary to support class certification under Rule 23 of the Federal Rules of Civil Procedure or any other applicable law.

## SIXTH DEFENSE

For a sixth defense, this defendant shows that class certification is neither warranted nor appropriate because facts unique to each class member predominate over facts common to the entire purported class.

## SEVENTH DEFENSE

For a seventh defense, this defendant asserts the affirmative defenses of accord and satisfaction, arbitration and award, assumption of the risk, contributory negligence, estoppel, illegality, laches, license, release, res judicata, statute of limitations and waiver.

## EIGHTH DEFENSE

For an eighth defense, this defendant shows that it breached no legal duty owed to plaintiffs and in no manner violated their rights under the Constitution and laws of the United States, the Constitution and laws of the State of Georgia or otherwise.

## NINTH DEFENSE

For a ninth defense, this defendant reserves all statutory and/or indemnity rights it may have against other persons or entities, whether they have been identified as defendants herein or not.

## TENTH DEFENSE

For a tenth defense, this defendant asserts that it is not a "person" within the context and meaning of 42 U.S.C. § 1983.

## ELEVENTH DEFENSE

For an eleventh defense, this defendant shows that no policy, custom or practice of this defendant was the moving force of any purported violation of plaintiffs' federal constitutional or other federal rights.

## TWELFTH DEFENSE

For a twelfth defense, this defendant shows that plaintiffs' claims are barred, in whole or in part, by the voluntary payment doctrine.

## THIRTEENTH DEFENSE

For a thirteenth defense, this defendant shows that this Court should abstain from assuming jurisdiction in this action in light of *Younger v. Harris, 301 U.S. 37 (1971)* and/or the *Rooker-Feldman* doctrine.

## FOURTEENTH DEFENSE

For a fourteenth defense, this defendant shows that some or all of the claims asserted by plaintiffs and/or the putative class members they seek to represent are barred by *Heck v. Humphrey, 512 U.S. 477 (1994)*

Wherefore, having fully answered, this defendant prays that plaintiffs' amended complaint against it herein be dismissed and that it have verdict and judgment entered in its favor, with all costs cast against plaintiff; that it have a trial by jury with regard to all triable issues; and that it have such other and further relief as this Court deems just and proper under the circumstances.

This 15th day of April, 2016.

/s/ Michael D. St. Amand
Michael D. St. Amand
State Bar No. 004180
Harvey S. Gray
Georgia Bar No. 305838
Attorneys for Defendant Sentinel Offender
Services, LLC

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a copy of the within and foregoing ANSWER AND DEFENSES OF DEFENDANT SENTINEL OFFENDER SERVICES, LLC TO PLAINTIFFS' AMENDED COMPLAINT with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Ryan Primerano
Sarah Geraghty
Gerald Weber
Southern Center for Human Rights
83 Poplar Street, NW
Atlanta, Georgia  30303

This 15th day of April, 2016.

/s/ Michael D. St. Amand
Michael D. St. Amand
State Bar No. 004180
Harvey S. Gray
Georgia Bar No. 305838
Attorneys for Defendant Sentinel Offender
Services, LLC

**Gray, Rust, St. Amand**
**Moffett & Brieske, L.L.P.**
1700 Atlanta Plaza
950 East Paces Ferry Road
Atlanta, Georgia 30326
Tel.: (404) 870-7383
Fax: (404) 870-7374

I:\1400 - Sentinel\1 Luse\Pleadings\answer of sentinel to Amended Complaint.doc